## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| PATRICIA BROWN-HENRY, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| KOHL'S DEPARTMENT STORES, INC. | ) ) ) |  |
| Defendant | ) ) ) ) |  |

## CLASS ACTION COMPLAINT

Plaintiff Patricia Brown-Henry, individually and on behalf of all others similarly situated, makes the following allegations and claims against Kohl's Department Stores, Inc. ("KDS"), upon personal knowledge, investigation of her counsel, and on information and belief.

## NATURE OF THE ACTION

1. For approximately 5-6 months, Defendant KDS and/or its agents called Plaintiff on her cellular telephone using an autodialer without her consent. KDS continued to call Plaintiff after she told its agents they were calling the wrong number and asked them to stop calling.

2. Plaintiff brings this action for injunctive relief and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3. Plaintiff alleges claims on behalf of herself and all other similarly situated individuals.

## PARTIES

4. Plaintiff Patricia Brown-Henry is a resident of Chicago, Illinois.

5. Defendant Kohl's Department Stores, Inc. is a Delaware corporation with its principal place of business in Menomonee Falls, Wisconsin.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from KDS; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because KDS transacts significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. KDS and its wholly owned subsidiaries operate approximately 1,159 Kohl's retail stores across the country. At these stores, KDS sells moderately priced clothing, footwear and accessories for women, men and children; soft home products such as sheets and pillows; and housewares.

10. KDS offers private label credit cards to its customers.

11. KDS manages and services KDS's private label credit card accounts, including billing and collection.

12. KDS also manages communications to account holders regarding their Kohl's credit cards, except for account statements, which are prepared by third parties.

13. When Kohl's credit card account holders fail to pay amounts due, KDS and/or its agents call the account holders to inquire about payment. These are debt collection calls.

14. KDS maintains dialing equipment and related computer servers to make debt collection calls to account holders.

15. The dialing system that KDS uses for debt collection calls has the capacity to store or produce numbers to be called, using a random or sequential number generator, and to dial such numbers.

16. The dialing system that KDS uses for debt collection calls can store telephone numbers and dial them automatically.

17. The dialing system that KDS uses for debt collection calls has predictive dialing capabilities.

18. Predictive dialing is a computerized method for automatically dialing stored lists of telephone numbers and is commonly used in call center operations. Predictive dialing is commonly used to make outbound telephone calls for telemarketing or debt collection purposes. Predictive dialing provides the capability to "predict" the availability of call center agents who can respond when a called party answers a call that was automatically dialed by the predictive dialing system.

19. Entities who make a large volume of debt collection or telemarketing calls typically use systems that have the features described in Paragraphs 15-18 above. KDS makes a large volume of debt collection calls.

20. KDS's system is an automatic telephone dialing system ("ATDS") within the meaning of 47 U.S.C. § 227(a)(1).

21. KDS and/or its parent company Kohl's Corporation have been sued at least twenty-one times in federal district courts for alleged violations of the TCPA. In one of those lawsuits, KDS did not deny it used an ATDS within the meaning the TCPA. In another lawsuit, KDS argued that it—rather than its parent company—was the proper defendant where the plaintiff alleged that debt collection calls regarding Kohl's credit card violated the TCPA.

22. KDS calls people who are not account holders and who do not owe a debt. These people did not consent to receive automated calls from KDS.

23. KDS sets collection quotas or goals for its call operators who handle debt collection calls.

24. Starting in early 2019, KDS began calling Plaintiff to collect a debt Plaintiff does not owe. Each time KDS called, the call operator asked to speak with someone by the last name of Martinez. Plaintiff told the call operators that they were calling the wrong number, but the calls continued anyway. The call operator involved in one of the calls was rude to Plaintiff.

25. KDS called Plaintiff numerous times during a 5-6 month period beginning in early 2019.

26. Plaintiff is not a Kohl's credit card account holder.

27. Each of KDS's calls to Plaintiff were made to her cellular telephone.

28. Plaintiff did not consent to receive calls from KDS or anyone acting on its behalf.

29. Plaintiff was harmed by the calls at issue here in the form of the aggravation, nuisance, trespass, waste of time and invasion of privacy that necessarily accompanies the receipt of unwanted debt collection calls. The calls also violated Plaintiff's statutory rights under the TCPA.

30. The calls from KDS came from the number (312) 386-7942, and potentially other numbers too.

31. On October 2, 2019, Plaintiff's counsel sent a letter to KDS warning that KDS's calls to Plaintiff violated the TCPA, and requesting a litigation hold on relevant documents. That letter further stated, "If you contend that any statement in this letter is inaccurate or that an affirmative defense bars TCPA claims here, please provide us with your contentions and supporting documents promptly."

32. As of the date of the filing of this complaint, KDS has not responded to the aforementioned October 2, 2019, letter or denied that the calls at issue here violated the TCPA.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and all other similarly situated people. Plaintiff proposes the following class ("Class"):

> All persons within the United States who, (1) within the four years prior to the filing of the complaint in this action, through the date of class notice (the "Class Period"), (2) were called by KDS or its agent/s or employee/s to said person's cellular telephone (3) through the use of any automatic telephone dialing system, (4) where such person was not listed in KDS's records as the intended recipient of the calls.

34. Plaintiff reserves the right to later seek certification of alternative classes, subclasses, or otherwise modify the class definition above as appropriate after discovery.

35. Plaintiff does not know how many people are in the Class, but believes the class is so numerous that individual joinder would be impracticable, based on: (1) the size of KDS's business, (2) the number of unsolicited calls Plaintiff received, and (3) the number of past TCPA lawsuits against KDS.

36. Plaintiff and all members of the Class have been harmed by KDS's conduct in the form of aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited debt collection calls, and the violations of their statutory rights.

37. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class members can be identified easily through records maintained by KDS. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions that may affect individual members of the Class members. Those common questions of law and fact include, but are not limited to, the following:

   a. Whether KDS and/or its agents used an automatic telephone dialing system to transmit the unsolicited phone call;

   b. Whether KDS's conduct was knowing and/or willful;

   c. Whether KDS is liable for statutory damages, and the amount of such damages; and

      d.  Whether KDS should be enjoined from making automated calls for debt collection purposes in the future.

38.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including the TCPA.

39.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel KDS to comply with the TCPA. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

40.    As a person who received debt collection calls on her cell phone, Plaintiff asserts claims that are typical of each member of the class. Plaintiff will fairly and adequately represent and protect the interests of the Class members. She has no interests that are antagonistic to any member of the Class members.

41.    KDS have acted on grounds generally applicable to the Class members, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class members as a whole appropriate. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST COUNT
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

42.    Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

43.    The foregoing acts of KDS constitute violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

44.    As a result of Defendants' violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Alternatively, the foregoing acts of KDS constitute knowing and willful violations of the TCPA. Accordingly, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff, on behalf of herself and the proposed class, also seeks injunctive relief prohibiting KDS from using its current automated dialing system, or any other automatic telephone dialing system, for debt collection purposes. Plaintiff reserves the right to expand, narrow or otherwise modify this request for injunctive relief as appropriate after sufficient discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the Class the following relief against KDS:

a. Injunctive relief prohibiting such violations of the TCPA by KDS in the future;

b. Plaintiff seeks for herself and each member of the Class members $500.00 in statutory damages for each call that violated the TCPA, or alternatively, $1,500 in statutory damages for each knowing and willful violation of the TCPA;

c. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing Bursor & Fisher as class counsel;

d. Pre- and post-judgement interest on any amounts awarded;

e. Such other relief as the Court deems just and proper, including reasonable attorneys' fees and costs

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: January 7, 2020

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
By: */s/ Carl Malmstrom*
Carl V. Malmstrom
111 W. Jackson Street, Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 545-4653
malmstrom@whafh.com

*Designated Local Counsel for Plaintiff*

**BURSOR & FISHER, P.A.**
Joel D. Smith (*pro hac vice* to be filed)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700
jsmith@bursor.com

*Attorneys for Plaintiff*